**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on August 25, 2011, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: August 25, 2011**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-19506 |
| | ) | |
| KAREN DINICOLA, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | Adversary Proceeding No. 10-1404 |
| | ) | |
| KAREN DINICOLA, | ) | Judge Arthur I. Harris |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELLE L. SLIMAK, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

Before the Court are cross-motions for summary judgment. At issue is whether the debt owed to the defendant, Michelle L. Slimak who was appointed guardian *ad litem* to the debtor's children, is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). For the reasons that follow, the Court finds that the debt is

---

[1]This opinion is not intended for official publication.

nondischargeable and grants summary judgment in favor of the defendant.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2006, Karen Dinicola ("debtor") filed a petition for divorce from David Whetstone. (Adv. Pro. Docket #18). On March 13, 2008, the Medina County Common Pleas Court, Domestic Relations Division appointed Michelle L. Slimak ("defendant") guardian *ad litem* for the children of the debtor and her former husband. (Adv. Pro. Docket #18). The defendant remained guardian *ad litem* to the debtor's children throughout the divorce proceedings and acted, with the debtor's consent, as a "parenting time coordinator" following the completion of the divorce. (Adv. Pro. Docket #18).

On September 28, 2010, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The debtor listed the defendant as an unsecured creditor holding a nonpriority claim in the amount of $1,877.25. On December 17, 2010, the debtor filed a complaint against the defendant asserting:

1) that the obligation owed to the defendant is not in the nature of a domestic support obligation as the term is defined under 11 U.S.C. § 101(14A), and 2) unjust enrichment. (Adv. Pro. Docket #1). On January 17, 2011, the defendant filed a motion to dismiss the unjust enrichment claim. (Adv. Pro. Docket #9). On March 29, 2011, the debtor orally withdrew her unjust enrichment claim. On June 10, 2011, both parties filed motions for summary judgment. (Adv. Pro. Docket #18 & #19). The debtor's motion for summary judgment asserted that guardian *ad litem* fees should be dischargeable debts under Chapter 7 of the Bankruptcy Code. (Adv. Pro. Docket #18). The debtor argues that the guardian *ad litem* debt is outside of the scope of the relevant statute and should be dischargeable. The defendant's motion for summary judgment contrarily asserts that the Sixth Circuit and a majority of other jurisdictions have found guardian *ad litem* fees nondischargeable. (Adv. Pro. Docket #19).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." The party moving the court for summary judgment bears the burden of showing that "there is

no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S. Ct. 2505 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

Absent such evidence from the nonmoving party in a motion for summary judgment, the court need not excavate the entire record to determine if any of the available evidence could be construed in such a light. *See Poss v. Morris* (*In re Morris*), 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine

4

issue of material fact"); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.,* 12 F.3d 1382, 1389 (6th Cir. 1993).

DISCUSSION

The Bankruptcy Code provides that a debtor filing a Chapter 7 voluntary petition will be discharged of her debts "[e]xcept as provided by section 523 of this title." 11 U.S.C. § 727. Section 523 of the Bankruptcy Code provides for exceptions to discharge of certain debts. The relevant statute provides in pertinent part:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
>
> (5) for a domestic support obligation;

11 U.S.C. § 523(a)(5). The burden of proving that a debt falls within this exception to discharge is on the creditor. *Sorah v. Sorah* (*In re Sorah*), 163 F.3d 397, 401 (6th Cir. 1998).

A "domestic support obligation" is a debt that "accrues before, on, or after the date of the order for relief" that is "owed to or recoverable by a spouse, former spouse or *child of the debtor* or such child's parent, legal guardian, or responsible relative." 11 U.S.C. § 101(14A)(A) (emphasis added). Section 523(a)(5) provides four elements that must be satisfied to establish a domestic support obligation claim: 1) the debt must be "owed to or recoverable by" a governmental unit or a

5

person with a specific relationship to the debtor; 2) the underlying obligation must be in the nature of support; 3) the obligation must arise from an agreement, court order, or as otherwise defined; and 4) the debt must not be assigned to a nongovernmental entity unless voluntarily done. 11 U.S.C. § 101(14A).

There is no question that the defendant had a specific relationship to the debtor, that the obligation arose from a court order, and that the underlying debt has not been assigned. Thus, it need only be determined whether the underlying obligation is in the nature of support. Courts considering the issue pre-BAPCPA agreed that guardian *ad litem* fees arising from divorce proceedings were in the nature of support of the children. *Falk & Siemer, LLP v. Maddigan* (*In re Maddigan*), 312 F.3d 589, 594 (2nd Cir. 2002) ("fees are inextricably intertwined with proceedings affecting the welfare of the child"); *Beaupied v. Chang* (*In re Chang*), 163 F.3d 1138, 1140-41 (9th Cir. 1998); *Miller v. Gentry* (*In re Miller*), 55 F.3d 1487, 1490 (10th Cir. 1995); *Dvorak v. Carlson* (*In re Dvorak*), 986 F.2d 940 (5th Cir. 1993); *see also Hamilton v. Ross* (*In re Ross*), 247 B.R. 333 (Bankr. M.D. Fla. 2000) ( "The services rendered by a guardian *ad litem* [are] so inextricably intertwined with the welfare of the children . . . that it would be unreasonable to characterize the fee award as anything other than an obligation in the nature of support") (*quoting Spear v. Constantine* (*In re Constantine*), 183 B.R.

6

335, 336-37 (Bankr. D. Mass. 1995)); *Lawson v. Lever,* (*In re Lever*), 174 B.R. 936 (Bankr. N.D. Ohio 1991) (wife's obligation for guardian *ad litem* fees nondischargeable).

While the text of section 523(a)(5) has been modified, the test to determine whether an obligation is in the nature of support remains unchanged. *Compare Goodwin v. Garnett*, No. 04-34189, Adv. Pro. No. 04-3323 (Bankr. N.D. Ohio March 3, 2005) (bankruptcy court judgment excepting guardian *ad litem* fees from discharge under 11 U.S.C. § 523(a)(5)) *with In re Andrews,* 434 B.R. 541 (Bankr. W.D. Ark. 2010) (debtor's obligation to his wife's divorce attorney was a domestic support obligation because it was in the nature of support) *and In re Rose*, 08-30051, 2008 WL 4205364 (Bankr. E.D. Tenn. Sept. 10, 2008) (holding guardian *ad litem* was assigned for the "support and maintenance of the child during proceedings," and fees were nondischargeable as domestic support obligation).

Further, a majority of jurisdictions that have analyzed this issue post-BAPCPA appear to agree that guardian *ad litem* fees are "domestic support obligations" and nondischargeable under the Bankruptcy Code. *See Levin v. Greco*, 415 B.R. 663, 665 (N.D. Ill. 2009)*; Law Offices of Miriam G. Altman v. Johnson* (*In re Johnson*), 445 B.R. 50 (Bankr. D. Mass. 2011); *County of LaCrosse*

v. Stevens (*In re Stevens*), 436 B.R. 107 (Bankr. W.D. Wis. 2010); *Epstein v. Defilippi (In re Defilippi)*, 430 B.R. 1 (Bankr. D. Me. 2010); *Kelly v. Burnes (In re Burnes)*, 405 B.R. 654, 657 (Bankr. W.D. Mo. 2009); *In re Johnson*, 397 B.R. 289 (Bankr. M.D. N.C. 2008).

The debtor cites *Kassicieh v. Battisti (In re Kassicieh)*, 425 B.R. 467 (Bankr. S.D. Ohio 2010) in support of her argument that the guardian *ad litem* fees should be discharged. However, the *Kassicieh* court did not decide whether guardian *ad litem* fees should be excepted from discharge under 11 U.S.C. § 523(a)(5). *In re Kassicieh*, 425 B.R. 467. The *Kassicieh* court provided an overview of relevant case law and outlined the different interpretations of the applicable statute, but ultimately decided to withhold ruling on dischargeability until the state court determined the amount of guardian *ad litem* fees owed, and how the fees would be divided. *In re Kassicieh*, 425 B.R. at 481. The facts before this Court are distinguishable from *Kassicieh*, because in this case, the amount of fees awarded and each parent's allocation have been determined by the state court. Thus, the question of dischargeability is ripe for determination.

This Court is persuaded by the extensive case law finding guardian *ad litem* fees nondischargeable. The current facts involve a court appointed guardian *ad litem* whose assigned duties were in the nature of support of the debtor's children

throughout the debtor's divorce proceedings. Accordingly, the debt owed to the defendant is a "domestic support obligation" excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

## CONCLUSION

Based on the foregoing, this Court concludes that the guardian *ad litem* fees are a nondischargeable "domestic support obligation" pursuant to 11 U.S.C. § 523(a)(5) and enters summary judgment in favor of the defendant.

IT IS SO ORDERED.